IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MATTHEW J. SUND,<br><br>                        Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>                        Defendant. | **MEMORANDUM DECISION and REPORT AND RECOMMENDATION**<br><br>Case No. 2:10-cv-00421-DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

District Judge Dale A. Kimball referred this case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) calling for a report and recommendation for the proper resolution of dispositive matters.[1] Plaintiff Matthew J. Sund ("Sund") has failed to state a claim under which relief may be granted. The Magistrate Judge therefore recommends the case be dismissed with leave to amend the complaint within thirty (30) days of the dismissal.

Under 28 U.S.C. §1915(e)(2)(B)(ii), any portion of a complaint filed by a litigant proceeding *in forma pauperis* may be dismissed if it fails to state a claim upon which relief may be granted.[2] Sund's Motion for Leave to Proceed *in forma pauperis* was granted on May 13, 2010.[3] His complaint was also filed on May 13, 2010.[4] The sole cause of action alleged is for "[m]issing medical records."[5] Sund offers supporting facts to this cause of action as follows: "The complete list of medical records was entered into the Social Security Administration's

---

[1] Order of Reference, docket no. 5, filed August 09, 2010.

[2] 28 U.S.C. §1915(e)(2)(B)(ii) (2010).

[3] Order on Application to Proceed without Payment of Fees, docket no. 2, filed May 13, 2010.

[4] Complaint, docket no. 3, filed May 13, 2010. The complaint was received by the court on May 6, 2010 but not filed until May 13.

[5] *Id.* at 4.

website. The clerk evidently omitted pertinent information."[6] It is unclear what Sund is alleging and the Magistrate Judge cannot decipher any cause of action from the complaint.[7] Therefore, this case should be dismissed for failure to state a claim upon which relief can be granted.

However, Sund should be given an opportunity to file an amended complaint within thirty (30) days from the order dismissing the complaint.

## RECOMMENDATION

This case should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) with leave for Sund to amend his complaint by filing within 30 days from the order dismissing the complaint.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have fourteen days after being served to serve and file written objections to this Report and Recommendation.[8] The District Judge will make a de novo determination of the specific objections by the parties. The District Judge may accept, reject, or modify this Report and Recommendation in whole or in part. Further, the District Judge may also receive additional evidence on the matter or recommit the matter to the Magistrate Judge with instructions.

Dated September 13, 2010.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[6] *Id.*

[7] The complaint alleges that the Social Security Administration owes Sund back benefits retroactive to June of 1997. In addition to the cryptic nature of this possible claimit might be precluded by the statute of limitations.

[8] 28 U.S.C. § 636(b)(1) (2010).

2